UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Priority ____
Send ____
Enter ____
Closed ____
JS-5/JS-6 ____
Scan Only ____

| | | | |
|---|---|---|---|
| **CASE NO.:** | CV 16-05253 SJO (SSx) | **DATE:** | September 14, 2016 |
| **TITLE:** | Christiana Trust v. Navarro | | |

========================================================================
**PRESENT:** THE HONORABLE S. JAMES OTERO, UNITED STATES DISTRICT JUDGE

Victor Paul Cruz                                    Not Present
Courtroom Clerk                                     Court Reporter

**COUNSEL PRESENT FOR PLAINTIFF:**         **COUNSEL PRESENT FOR DEFENDANTS:**

Not Present                                         Not Present

========================================================================
**PROCEEDINGS (in chambers): ORDER GRANTING PLAINTIFF'S MOTION FOR REMAND TO STATE COURT** [ECF No. 7]

This matter is before the Court on Plaintiff Christiana Trust's ("Plaintiff") Motion for Remand to State Court ("Motion"), filed September 1, 2016. Defendant Felix B. Navarro ("Defendant"), proceeding *pro se* in this action, has not opposed the Motion within the time frame provided by Local Rule 7-9. *See* L.R. 7-9 ("Each opposing party shall, . . . not later than twenty-one (21) days before the date designated for the hearing of the motion . . . serve upon all other parties and file with the Clerk either" its opposition brief or a statement of non-opposition). The Court found this matter suitable for disposition without oral argument and vacated the hearing set for September 26, 2016. *See* Fed. R. Civ. P. 78(b). For the following reasons, the Court **GRANTS** Plaintiff's Motion, **REMANDS** the instant action to the Superior Court of the State of California, Los Angeles County and **AWARDS** Plaintiff $860.00 in reasonable attorneys' fees.

I.     FACTUAL AND PROCEDURAL BACKGROUND

In its Complaint, filed June 8, 2016 in the Superior Court of the State of California, Los Angeles County, Plaintiff asserts a single cause of action against Defendant: post-foreclosure unlawful detainer. (*See* Req. for Judicial Notice in Supp. Mot. ("RJN"), Ex. 3 ("Compl."), ECF No. 8.)[1] Defendant filed his Notice of Removal on July 15, 2016, arguing this Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1332, and 1333. (*See* Notice of Removal 2, ECF No. 1.) In particular, Defendant claims Plaintiff "is in violation of Title 18 USC § 471," and that this purported violation confers federal question jurisdiction over this action. (Notice of Removal 3.)

///
///

---

[1] The Court takes judicial notice of this publicly available document pursuant to Federal Rule of Evidence 201. Fed. R. Evid. 201(b)-(c).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Priority
Send
Enter
Closed
JS-5/JS-6
Scan Only

| | |
|---|---|
| CASE NO.: CV 16-05253 SJO (SSx) | DATE: September 14, 2016 |

II. DISCUSSION

    A.    Defendant's Removal Is Procedurally Improper

A defendant has thirty (30) days from the date it receives or is served with the plaintiff's initial pleading or summons to file a notice of removal. 28 U.S.C. § 1446(b)(2)(B). Here, it is undisputed that Plaintiff served copies of the Complaint and summons via substituted service on Defendant on June 14, 2016 and mailed the same documents on June 17, 2016. (RJN, Ex. 5.) Defendant filed his Notice of Removal on July 15, 2016, thirty-one (31) days after the June 14th service date. As such, Defendant's removal was untimely.

    B.    The Court Lacks Subject-Matter Jurisdiction Over this Action

Even if Defendant had timely removed, remand would nevertheless be required because this Court lacks subject-matter jurisdiction over the unlawful detainer action. As courts of limited jurisdiction, federal courts are "presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *See Stock W., Inc. v. Confederated Tribes of the Colville Reservation*, 873 F.2d 1221, 1225 (9th Cir. 1989) (citation omitted). Lack of subject-matter jurisdiction may be raised by any party at any time, and it is never waived. *See United States v. Cotton*, 535 U.S. 625, 630 (2002); *Miguel v. Country Funding Corp.*, 309 F.3d 1161, 1163-64 (9th Cir. 2002). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." *See* 28 U.S.C. § 1447(c) ("Section 1447). The removing party bears the burden of showing that removal is proper. *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004). Any doubt as to removability is resolved in favor of remanding the case to state court. *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003).

Federal courts can properly exercise subject-matter jurisdiction pursuant to a number of statutes. For example, "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between" diverse parties. 28 U.S.C. § 1332. Moreover, "district courts shall have original jurisdiction, exclusive of the courts of the States, of . . . [a]ny civil case of admiralty or maritime jurisdiction." 28 U.S.C. § 1332. Finally, "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

It is the last of these provisions—commonly referred to as federal question jurisdiction—that is implicated in Defendant's Notice of Removal.[2] Typically, federal question jurisdiction exists only

---

[2] Although Defendant mentions both §§ 1332 and 1333 in his Notice of Removal, (*see* Notice of Removal 2), he does not allege a single fact supporting the applicability of either provision.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Priority   _____
Send       _____
Enter      _____
Closed     _____
JS-5/JS-6  _____
Scan Only  _____

CASE NO.: <u>CV 16-05253 SJO (SSx)</u>                    DATE: <u>September 14, 2016</u>

"when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Valles v. Ivy Hill Corp.*, 410 F.3d 1071, 1075 (9th Cir. 2005). Indeed, "[a] federal law defense to a state-law claim does not confer jurisdiction on a federal court, even if the defense is that of federal preemption and is anticipated in the plaintiff's complaint." *Id.* (citing *Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 14, 103 S.Ct. 2841 (1983)).

Here, Defendant only argues that Plaintiff's Complaint "arises under" the Constitution, laws, or treaties of the United States because of a belief that "Plaintiff is in violation of Title 18 USC § 471," which provides that "[w]hoever, with intent to defraud, falsely makes, forges, counterfeits, or alters any obligation or other security of the United States, shall be fined under this title or imprisoned not more than 20 years, or both." (Notice of Removal 3.)[3] Because unlawful detainer actions do not "arise under" the Constitution, laws, or treaties of the United States and because "[a] federal law defense to a state-law claim does not confer jurisdiction on a federal court," the Court lacks subject-matter jurisdiction over the instant action. For both of the foregoing reasons, the Court **GRANTS** Plaintiff's Motion and **REMANDS** this action to the Superior Court of the State of California, Los Angeles County.

### 3. Award of Attorneys' Fees in Cases in Which Action Is Remanded

"An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). A district court may only award payment of fees and costs under section 1447(c) where the removing party lacked an objectively reasonable basis for seeking removal. *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). In deciding whether to award payment of fees and cost, the Court must consider the statutory purpose, which is to deter the possibility of abuse, unnecessary expense and harassment if a defendant removes improperly. *Circle Indus. USA, Inc. v. Parke Constr. Grp., Inc.*, 183 F.3d 105, 109 (2nd Cir. 1999).

The Court finds that Defendant lacked an objectively reasonable basis for seeking removal, and accordingly awards Plaintiff its reasonable attorneys' fees pursuant to 28 U.S.C. § 1447(c). Not only was Defendant's removal untimely, but it is premised on statutory provisions that are entirely inapplicable in this case. For example, although Defendant references both the diversity and admiralty jurisdiction provisions of the United States Code, he offers no factual allegations or argument in support of their applicability in this case. Moreover, Defendant's effort to invoke federal question jurisdiction falls flat in the face of Supreme Court precedent that "[t]he presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which

---

[3] Defendant also mentions an intention to "move and consolidate with a pending [but unnamed] federal lawsuit filed against Plaintiff." (Notice of Removal 4.) Even if such an action existed and could be properly consolidated with this action, that would not independently confer this Court with subject-matter jurisdiction over this state law action.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Priority
Send
Enter
Closed
JS-5/JS-6
Scan Only

| | |
|---|---|
| **CASE NO.:** CV 16-05253 SJO (SSx) | **DATE:** September 14, 2016 |

provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. WIlliams*, 482 U.S. 386, 392 (1987) (citing *Gully v. First Nat'l Bank*, 299 U.S. 109, 112-13 (1936)).

The Court has reviewed the Declaration of Leslie M. Klott. The Court finds Ms. Klott's hourly rate of $215.00 and amount of attorney time spent preparing this Motion to be reasonable under the circumstances. (*See* Decl. Leslie M. Klott in Supp. Mot. ¶¶ 3-4.) That said, the Court will only award Plaintiff $215.00 per hour for the four (4.0) hours actually spent preparing the Motion, as there is no need "to appear and attend the hearing," for which Ms. Klott estimated an hour of attorney time. (*Cf.* Klott Decl. ¶¶ 3, 5.) The Court therefore **AWARDS** Plaintiff $860.00 in reasonable attorneys' fees.

III. RULING

For the foregoing reasons, the Court **GRANTS** Christiana Trust's Motion for Remand to State Court. The Court **REMANDS** the instant action to the Superior Court of the State of California, Los Angeles County and **AWARDS** Plaintiff $860.00 in reasonable attorneys' fees. Further efforts by Defendant to have the action removed to federal court may result in additional sanctions. This matter shall close.

IT IS SO ORDERED.